IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RELIGIOUS RIGHTS FOUNDATION OF PA, et al. | : : : | CIVIL ACTION |
| Plaintiffs, | : : : | No. 4:23-cv-01144-MWB |
| v. | : : | |
| STATE COLLEGE AREA SCHOOL DISTRICT and BOARD OF SCHOOL DIRECTORS OF THE STATE COLLEGE AREA SCHOOL DISTRICT | : : : : : | |
| Defendants. | : : : | Electronically Filed via ECF |

**ANSWER TO COMPLAINT,
<u>AFFIRMATIVE DEFENSES, AND JURY DEMAND</u>**

AND NOW, COME the Defendants, State College Area School District and the Board of School Directors of the State College Area School District (collectively, the "District"), by and through their undersigned counsel, LEVIN LEGAL GROUP, P.C., who submit this Answer to Complaint, Affirmative Defenses and Jury Demand, and who, in support thereof, state the following:

**PARTIES**

1.  Admitted, upon information and belief.

2.  Admitted, upon information and belief.

3.  Admitted in part and denied in part. The District admits, upon information and belief, the Religious Rights Foundation's ("RRF") stated motivations for bringing this action. The allegation that RRF is acting because rights have been denied in a legal conclusion that does not

require a response. To the extent may be required, the allegation that Plaintiffs' rights have been denied is itself denied.

  4. Admitted, upon information and belief.

  5. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments in this paragraph. Accordingly, they are denied.

  6. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments in this paragraph. Accordingly, they are denied.

  7. Denied. The District lacks sufficient information to formulate a belief as to the truth of the allegations in this paragraph. (In fact, the District is unaware of the identities of Plaintiffs B.H., K.H., and R.H.) Accordingly, the allegations are denied.

  8. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

  9. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

  10. The statements in this paragraph do not require responses.

  11. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

  12. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

  13. Admitted.

  14. Admitted, although the Board of School Directors of the State College Area School District (the "School Board") is not an entity separate from the District.

15.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

16.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

**JURISDICTION AND VENUE**

17.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

18.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

19.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

20.     Denied in part and admitted in part. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. The District admits that its conduct as alleged in the Complaint occurred within the geographical boundary of the Middle District of Pennsylvania.

**FACTS**

21.     Admitted in part and denied in part, as previously indicated herein.

22.     Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

23.     Admitted that the website contains links to the indicated schools.

24.     Denied as stated. The District is unaware of the website statement to which Plaintiffs refer, but the facts referred to in this paragraph are correct.

25. Denied as stated. The District is unaware of the statement to which Plaintiffs refer. The District's website contains a "Notice of Nondiscrimination Statement" which can be accessed at this link: SCASD Notice of Nondiscrimination Statement.

26. Admitted that the School Board's policy 103 includes the quoted language.

27. Admitted, because such permissions are required by law. *See* 24 P.S. § 13-1327.1. By way of further response, District-resident students who are enrolled in a home school program are also permitted to engage in certain District-sponsored activities under the Constitution and By-Laws of the Pennsylvania Interscholastic Athletic Association, Inc. ("PIAA").

28. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

29. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

30. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

31. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

32. Admitted that the School Board's policy 137 includes the quoted language.

33. Denied. Home school students can be enrolled in the District under certain circumstances.

34. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

35. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. To the extent responses may be required, the District provides

benefits to District-resident home school students as required by law and PIAA rules and regulations.

36. Admitted, because such permissions are required by law. *See* 24 P.S. § 17-1719-A. By way of further response, District-resident students who are enrolled in charter schools are also permitted to engage in certain District-sponsored activities under the Constitution and By-Laws of the PIAA.

37. See paragraph 36 above, incorporated here by reference.

38. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. To the extent responses may be required, the averments are admitted, although under the Charter School Law, the District pays per-pupil tuition to the charter schools attended by each District-resident charter school student. 24 P.S. § 17-1701, *et seq.*

39. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required.

40. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. To the extent responses may be required, the District provides benefits to District-resident charter school students as required by law and PIAA rules and regulations.

41. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. To the extent responses may be required, the word "significant" is ambiguous, and a proper response to the allegation therefore cannot be made. Accordingly, the allegation is denied. By way of further response, when the District permits a District-resident charter school student to participate in a District-sponsored extracurricular program that the student's charter school does not offer, then the District charges a fee to the

charter school. The usual practice is for the District and the charter school to agree on the fee before the student's participation begins.

42. Admitted in part and denied in part. It is admitted that Plaintiff F.Y. is not enrolled in the District. The District is unaware of the enrollment status of Plaintiff R.H., because it does not know their identity. As for the remaining allegations, they constitute legal conclusions or argument to which no response is required. Accordingly, they are denied.

43. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

44. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

45. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

46. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. It is denied that the District has acted or is acting in a discriminatory manner toward Plaintiffs and other similarly situated individuals.

## CLAIMS

### Count I

47. Admitted in part and denied in part, as previously indicated herein.

48. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

49. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

50. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

51. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

52. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

53. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

54. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

55. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent that the averments are deemed factual, they are denied.

56. Admitted in part and denied in part. Admitted, upon information and belief, that of the Plaintiffs only Plaintiff C.Y. has made such a request. It is denied that Plaintiff L.Y. has made such a request. The District lacks sufficient information to formulate a belief as to the truth of the averment that Plaintiffs B.H. and K.H. have made such a request. Accordingly, that allegation is denied. By way of further response, it is denied that "Parent Plaintiffs" made the "requests" to the District as alleged in this paragraph and elsewhere in the Complaint. To the District's knowledge, Plaintiff C.Y. is the only plaintiff who made such a request to the District, and in connection with that request, C.Y. made no statement or gave any indication that he was making his request on behalf of any other Plaintiff in this case.

57. Admitted in part and denied in part. See Paragraph 56 herein, incorporated here by reference.

58. Admitted that at the specified time the Superintendent of the District (Mr. Curtis Johnson) sent or caused to be sent an email containing the specified language.

59. Denied in part and denied as stated in part. It is denied that the District has "historically refused" to grant Student Plaintiffs the ability to participate in District-sponsored activities. The request of Plaintiff C.Y. that was denied in Paragraph 58 of the Complaint was the first request to the District made by that Plaintiff, and the request did not pertain to C.Y.'s children or Plaintiff F.Y. Instead, the request pertained to a cooperative agreement that is described below in the Affirmative Defenses. The District is unaware of the identity of the other set of Plaintiff Parents. The remaining allegations are denied as stated. The District has a long-standing practice of not permitting District-resident students to participate in District-sponsored extracurricular activities when they attend private schools, regardless of whether those students attended a parochial or secular school. In addition, the District has no history of entering into cooperative agreements with nearby private schools (parochial or secular) under which the students at the private schools would be generally permitted to participate in District-sponsored extracurricular activities that were not provided at their current school.

60. Denied as stated. See Paragraph 59 herein, incorporated here by reference.

61. Denied as stated in part and denied in part. Superintendent Johnson's email in Paragraph 58 of the Complaint speaks for itself. It is denied that the practice is discriminatory.

62. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

63. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph regarding why RRF was formed. Accordingly, that allegation is denied. The remaining averments constitute legal conclusions or argument to which no response is required. To the extent the averments are deemed factual, they are denied.

64. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

65. Denied. See Superintendent Johnson's email in Paragraph 58 of the Complaint, which speaks for itself, and see Paragraphs 59 and 60 herein.

66. Denied. The District lacks sufficient information to formulate a belief as to the truth of the averments of this paragraph. Accordingly, they are denied.

67. Denied.

68. Denied as stated. It is not merely their status as "parochial school students" that disqualified them to participate; it was their status as students who attend a private school. And the was not for the individual Plaintiff Students to participate. Instead, the request was as set forth in Paragraph 59 herein and in the Affirmative Defenses below.

69. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

70. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

71. Denied. The explanation for this denial has already been provided herein.

72. Denied. The explanation for this denial has already been provided herein.

73. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

74. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

75. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

76. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

**Count II**

77. Admitted in part and denied in part, as previously indicated herein.

78. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

79. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

80. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

81. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

82. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

83. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

84. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

85. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

86. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

87. Admitted, because such participation is required by law. *See* 24 P.S. § 13-1327.1. By way of further response, District-resident students who are enrolled in a home school program are also permitted to engage in certain District-sponsored activities under the Constitution and By-Laws of the PIAA.

88. Admitted, because such participation is required by law. *See* 24 P.S. § 17-1719-A. By way of further response, District-resident students who are enrolled in charter schools are also permitted to engage in certain District-sponsored activities under the Constitution and By-Laws of the PIAA.

89. Denied. The averments of this paragraph constitute legal conclusions or argument to which no responses are required. To the extent responses may be required, the word "significant" is ambiguous, and a proper response to the allegation therefore cannot be made. Accordingly, the allegation is denied. By way of further response, when the District permits a District-resident charter school student to participate in a District-sponsored extracurricular program the student's charter school does not have, then the District charges a fee to the charter school. The usual practice is for the District and the charter school to agree on the fee before the student's participation begins.

90. Denied. The allegations in this paragraph are identical to those contained in Paragraph 65 of the Complaint. See Paragraph 65 herein, incorporated here by reference.

91. Denied. The allegations in this paragraph are identical to those contained in Paragraph 70 of the Complaint. See Paragraph 70 herein, incorporated here by reference.

92. Denied. The allegations in this paragraph are identical to those contained in Paragraph 75 of the Complaint. See Paragraph 75 herein, incorporated here by reference.

93. Denied. The allegations in this paragraph are identical to those contained in Paragraph 76 of the Complaint. See Paragraph 76 herein, incorporated here by reference.

94. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

95. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

96. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

97. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

98. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

99. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required.

100. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

101. Denied. The averments of this paragraph constitute legal conclusions or argument to which no response is required. To the extent a response may be required, the averments are denied.

WHEREFORE, the District respectfully requests the Court to enter judgment in its favor.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The District is unaware of the identity of certain Plaintiffs—specifically B.H., K.H., and R.H.

3. Plaintiffs (or any of them) lack standing to bring claims against the District in this matter.

4. The Parent Plaintiffs did not make requests to the District as alleged in the Complaint. To the District's knowledge and belief, the only Plaintiff to make such a request to the District was Plaintiff C.Y., and in connection with that request C.Y. made no statement or gave any indication that he was making his request on behalf of any of the other Plaintiffs in this case. The request posed to the District by Plaintiff C.Y. and by another individual who does not appear to be a plaintiff in this case ("Person 1") did *not* apply to the individual Student Plaintiffs in this

13

case. It bears emphasis that this request did not include a request that either Student Plaintiff F.Y. or Student Plaintiff R.H. be permitted to participate in District-sponsored extracurricular activities. Instead, the request was for the District to enter into a *cooperative agreement* with Our Lady of Victory School, an elementary/middle school in State College, and St. Joseph's Catholic Academy, a high school in State College (collectively, the "Schools"). The gist of the requested agreement was for the District to permit *all* students enrolled in the Schools to participate in District-sponsored sports or extracurricular activities as long as the Schools did not already provide the sport or activity desired by the students. This is the request to which Superintendent Johnson responded in Paragraph 58 of the Complaint. The District is unaware of whether Plaintiff C.Y. or Person 1 was authorized by either of the Schools to request or negotiate the terms of a cooperative agreement among the District and the Schools. If those authorizations were lacking, then the requests or negotiations—and the District's response—would have been of no moment vis-à-vis the Plaintiffs or any of them.

5. Plaintiffs (or any of them) have not suffered injury in this matter or have suffered less injury than they claim and are not entitled to an award of attorneys' fees or costs.

6. No unlawful act or omission of the District caused any injury to Plaintiffs or any of them.

7. The District's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by any Plaintiff.

8. To the extent any Plaintiff incurred any injuries, the injuries were the result of the acts or omissions of others, including but not limited to PIAA, and not the result of the acts or omissions of the District or its employees, officers, directors, board members, or agents.

9. The District's applicable policies in this matter were the results of applicable statutory law and PIAA rules and regulations.

10. State law—specifically statutory provisions contained in the Pennsylvania Public School Code—requires the District to permit District-resident home school students and charter school students to participate in District-sponsored extracurricular activities.

11. Under PIAA rules applicable to the District and all PIAA-member school districts, only students who are regularly enrolled and in full-time attendance in a secondary school—or who are home-schooled—are eligible to participate in interscholastic athletics. With respect to students enrolled in charter schools and cyber charter schools, under PIAA rules those students are eligible to participate in interscholastic sports at the public school they would otherwise attend if their charter school does not offer the interscholastic sport they desire to play. There are no provisions in PIAA rules that permit students who are enrolled in brick-and-mortar private schools (secular or parochial) to participate in interscholastic athletics at a public school.

12. Even if Plaintiff Students were permitted by the District to participate in District-sponsored extra-curricular activities, they would not have been allowed to participate in interscholastic sports under PIAA rules and regulations.

13. To the extent that the decision made by the District referred to in the Complaint can be construed as a decision that prevented Plaintiff Students from participating in District-sponsored extracurricular activities because they attended a private school, that decision did not violate the First Amendment.

14. The District's policy to prevent District-resident students enrolled in private schools from participating in District-sponsored extracurricular activities is neutral and generally applicable, and it does not offend or violate the First Amendment.

15. Plaintiffs' religious beliefs are not substantially burdened by the policy referred to in the Complaint or any applicable policy of the District.

16. Individual Plaintiffs' religious beliefs are not validly or sincerely held.

17. The purpose of the District's applicable policies is not to suppress religion or religiously motivated conduct.

18. The District's applicable policies do not force Plaintiffs to choose between their religious beliefs and the generally available benefit of participation in District-sponsored extracurricular activities.

19. The District has not restricted Plaintiffs' right to believe and profess their religion.

20. The District's applicable policies did not affect Plaintiffs' ability to exercise their religious beliefs.

21. To the extent that the decision made by the District referred to in the Complaint can be construed as a decision that prevented Plaintiff Students from participating in District-sponsored extracurricular activities because they attended a private school, that decision did not violate the Equal Protection Clause of the Fourteenth Amendment.

22. The District's policy to prevent District-resident students enrolled in private schools from participating in District-sponsored extracurricular activities is neutral and generally applicable, and it does not offend or violate the Equal Protection Clause of the Fourteenth Amendment.

23. Plaintiffs' claims or any of them are barred under the doctrine of waiver.

24. The claims of Plaintiffs (or any Plaintiff) are time-barred by the applicable statute of limitations.

25. Plaintiffs failed to allege irreparable harm or any other basis upon which to receive any form of injunctive relief.

26. The School Board is not a proper party to this matter because the District is already a party, and the School Board is not an entity separate from the District.

The District reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

WHEREFORE, the District respectfully requests the Court to enter judgment in its favor.

## DEMAND FOR JURY TRIAL

The District hereby respectfully makes a demand for a trial by jury.

Respectfully submitted,

*/s/ Paul J. Cianci*
Michael I. Levin
Paul J. Cianci
LEVIN LEGAL GROUP, P.C.
1800 Byberry Road, Suite 1301
Huntingdon Valley, PA 19006
Phone (215) 938-6378
mlevin@levinlegalgroup.com
pcianci@levinlegalgroup.com

*Attorneys for Defendants*
*State College Area School District and*
*Board of School Directors of State College*
*Area School District*

Date: December 15, 2023

**CERTIFICATE OF SERVICE**

    I hereby certify that on the below date I caused the foregoing Defendants' Answer to Complaint, Affirmative Defenses, and Jury Demand to be filed using the Court's Electronic Case Filing system, and a Notice of Electronic Case Filing was served upon all counsel in accordance with Fed. R. Civ. P. 5(b) and M.D. Pa. L. R. 5.7.

                                                      LEVIN LEGAL GROUP, P.C.

                                                      */s/ Paul J. Cianci*
                                                      Paul J. Cianci

Date: December 15, 2023